**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x
CHANDEL RICHARD HOFFMAN,

                 Plaintiff,

  -against-

THE FEDERAL RESERVE BANK OF
NEW YORK,

                 Defendant.
------------------------------------- x

**MEMORANDUM DECISION
AND ORDER**

21 Civ. 2509 (GBD) (VF)

GEORGE B. DANIELS, United States District Judge:

On November 9, 2020, *pro se* Plaintiff Chandel Richard Hoffman filed a complaint in the United States District Court for the District of South Carolina against the Federal Reserve Bank of New York, alleging "[s]ecurities fraud, wire fraud, money laundering, false statements, [and] false filings with the U.S. Securities and Exchange Commission." (Compl., ECF No. 1, at 3.) Plaintiff has failed to serve Defendant, and this action has been stagnant for three years.

Before this Court is Magistrate Judge Valerie Figueredo's November 3, 2023 Report and Recommendation (the "Report"), recommending the dismissal of this case without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (Report, ECF No. 33, at 1.) Magistrate Judge Figueredo advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal and directed that a copy of the Report be mailed to Plaintiff. (*Id.* at 8.) Neither party filed objections. Having reviewed the Report for clear error, this Court ADOPTS the Report, while noting that this action is dismissed without prejudice pursuant to Federal Rules of Civil Procedure 4(m) and 41(b), and without prejudice to an application by Plaintiff to reopen this action filed within 90 days of the entry of this decision. Plaintiff must file proof of service on Defendant along with any application to reopen.

## I. FACTUAL BACKGROUND

Plaintiff originally filed a number of actions in the District of South Carolina. That court determined that venue in this case was improper and transferred it to this District on March 23, 2021. (*See* R. & R., ECF No. 17, at 4–6, *adopted by* Order, ECF No. 20; Transfer Notice, ECF No. 23.)

On February 18, 2022, Magistrate Judge Debra C. Freeman[1] directed the Clerk of Court to issue a summons and ordered Plaintiff "to serve the Summons and Complaint on Defendant within 90 days," warning that a failure to serve Defendant or request an extension of time to serve Defendant might result in her recommendation that the case be dismissed without prejudice for failure to prosecute under Federal Rules of Civil Procedure 4 and 41. (Order of Service, ECF No. 28, at 1.) Plaintiff did not file proof of service or request an extension of time to do so.

On July 21, 2022, Magistrate Judge Valerie Figueredo directed Plaintiff "to submit a letter no later than Friday, August 19, 2022, providing an update on the efforts made to serve Defendant or requesting an extension of time to serve Defendant" and cautioned that a failure to comply would result in her recommendation of dismissal under Federal Rules of Civil Procedure 4 and 41. (Order, ECF No. 30, at 1.) When Plaintiff failed to do so, Magistrate Judge Figueredo twice granted him extensions *sua sponte* (first to September 16, 2022, then to December 15, 2022), warning him twice more—in bolded and underlined text—that a failure to comply would result in her recommendation of dismissal under Federal Rules of Civil Procedure 4 and 41. (Order, ECF No. 31, at 1; Order, ECF No. 32, at 1–2.) On November 3, 2023, Magistrate Judge Figueredo issued the Report, recommending dismissal. (Report.) Plaintiff did not object.

---

[1] This case was reassigned to Magistrate Judge Valerie Figueredo on April 30, 2022. (*See* Notice of Redesignation, unnumbered docket entry dated Apr. 30, 2022.)

2.

Plaintiff's complaint listed an Andrews, South Carolina address. (Compl. at 1.) Plaintiff's most recent filing in the District of South Carolina is a November 30, 2020 change-of-address form, indicating his residence in North Charleston, South Carolina. (Notice of Change of Address, ECF No. 14.) Nevertheless, this Court's review of the docket indicates that all correspondence from this Court has been sent to Plaintiff at a previously listed Teaneck, New Jersey address.[2] (*See* Information Package Mailing Receipt, ECF No. 29; Mailing Receipts, unnumbered docket entries dated July 22, 2022, Sept. 1, 2022, Dec. 1, 2022, and Nov. 6, 2023.) Plaintiff has not filed anything in this case since it was transferred to this District, nor is there any indication that he has taken any other action to advance his claim over the past three years.

## II.  LEGAL STANDARDS

### A.  Reports and Recommendations

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

---

[2] The Teaneck address first appeared on the South Carolina docket on December 1, 2020. (*See* Text Order, ECF No. 11.) The District of South Carolina mailed a copy of the order transferring this action to this District, as well as its antecedent report and recommendation, to Plaintiff at the North Charleston address. *See* Mailing Receipts, *Hoffman v. Fed. Rsrv. Bank of N.Y.*, No. 20-cv-3903 (SAL) (D.S.C. Mar. 23, 2021), ECF Nos. 18, 24.

### B. Failure to Prosecute

While Federal Rule of Civil Procedure 41(b) addresses situations in which defendants move to dismiss for failure to prosecute, "a district court has the inherent authority to dismiss for failure to prosecute sua sponte." *Millenium Pipeline Co., LLC v. Bace Grp., Inc.*, No. 17 Civ. 9371, 2021 WL 4461336, at *1 (S.D.N.Y. Sept. 29, 2021) (citing *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)). In assessing whether dismissal pursuant to Rule 41(b) is appropriate, courts consider "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam). Dismissal of a *pro se* plaintiff's action for failure to prosecute should only occur "when the circumstances are sufficiently extreme." *Id.* at 217 (quoting *LeSane*, 239 F.3d at 209).

### C. Failure to Effectuate Service

Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

4

### III. THE COMPLAINT IS DISMISSED FOR FAILURE TO PROSECUTE AND FAILURE TO EFFECTUATE SERVICE

This Court agrees with Magistrate Judge Figueredo that each of the five *Baptiste* factors weigh in favor of dismissing this action, without prejudice, for failure to prosecute. (*See* Report at 3–7.) Despite repeated warnings, Plaintiff's failure to serve defendant for three years has caused this case to lie dormant, all the while prejudicing the Defendant, who, without notice of this action, cannot mount a defense. (*See id.* at 4–6.) Relatedly, considerations of judicial economy counsel against allowing a moribund case to linger in purgatory on the docket. (*See id.* at 6.) Magistrate Judge Figueredo did not clearly err in her finding that there is no lesser sanction that would be appropriate at this juncture. (*See id.* at 6–7.) Accordingly, dismissal of this action for failure to prosecute is appropriate under Rule 41(b), and because Plaintiff has failed to serve Defendant, the dismissal is without prejudice under Rule 4(m). *See Rivera v. Discovery Wines LLC*, No. 19 Civ. 1418 (RA), 2019 WL 3338140, at *2 (S.D.N.Y. July 24, 2019).

This Court recognizes the possibility that Plaintiff's change of address—rather than solely his neglect—may have contributed to this case lying fallow.[3] Accordingly, the dismissal of this action is without prejudice to an application by Plaintiff to reopen this action filed within 90 days of the entry of this decision. Such an application must be accompanied by proof of service on Defendant.

---

[3] Nonetheless, over the three years in which this action has been pending in this District, Plaintiff has failed to take basic steps such as contacting the Clerk's Office to inquire about the status of his case.

5

## IV. CONCLUSION

Magistrate Judge Figueredo's Report is ADOPTED. This action is dismissed, pursuant to Federal Rules of Civil Procedure 4(m) and 41(b), without prejudice, for failure to prosecute. Dismissal of this case is without prejudice to an application by Plaintiff to reopen this action filed within 90 days of the entry of this decision. Plaintiff must file proof of service on Defendant along with any application to reopen.

The Clerk of Court is directed to close this case and mail a copy of this decision, Magistrate Judge Figueredo's Report (ECF No. 33), and a *pro se* service information package to Plaintiff at:

- 2155 Morris Baker Blvd., Apt. #4109, North Charleston, SC 29406;
- 11 North Poplar Ave., Andrews, SC 29510; and at
- 168 Larch Ave., Teaneck, NJ 07666.

Dated: New York, New York
       March 25, 2024

SO ORDERED.

*[signature]*
GEORGE B. DANIELS
United States District Judge